IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-04-CR-195 LY |
| | § | |
| PAUL L. VALLEJO | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on December 4, 2013, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.   PROCEDURAL BACKGROUND

On November 18, 2004, Paul Vallejo was sentenced to 87 months imprisonment, followed by three years of supervised release, for being a felon in possession of a firearm, 18 U.S.C. § 922(g). Vallejo commenced his supervision on February 15, 2011.

Even before commencing supervision, Vallejo had problems. He was placed by the BOP in a halfway house for the last several months of his sentence, to transition out of prison. While there, he was arrested by APD for driving without a license. He was thus returned to the BOP and two months were added to his sentence. Then, within six months of commencing supervision, Vallejo tested positive for cocaine use. A month later, on October 31, 2011, Vallejo was arrested by APD

for evading arrest, after he fled from officers in his vehicle when they attempted to detain him. Two weeks later, Vallejo was again arrested, this time charged with aggravated assault of a peace office, evading arrest with a motor vehicle, and possession of crack cocaine. The circumstances of that arrest reflect that an APD officer saw a vehicle stopped on the IH 35 frontage road at Airport Boulevard. When the vehicle failed to move through two green light cycles, the officer approached the vehicle and saw Vallejo passed out with his foot on the brake and the vehicle in drive. The officer called for back up, and a police cruiser parked immediately in front of Vallejo's car. An officer then knocked on the window to wake Vallejo, and when he awoke and saw the police vehicles, he sped off, hitting the police car in front of him and nearly striking another officer. Police pursued him, and Vallejo crashed about a mile into the chase. After a short foot pursuit, he was arrested. A search of the vehicle located eight crack cocaine rocks weighing 2.43 grams. Ultimately, all of the charges were disposed of on January 11, 2013, with a guilty plea to evading arrest with a vehicle, evading arrest with a vehicle-enhanced, possession of a controlled substance-enhanced, and attempted aggravated assault of a public servant. Vallejo was sentenced to two years in custody on all of the charges.

 Based on the first arrest noted above (on October 31, 2011), on November 4, 2011, the Probation Office filed its Petition, and the undersigned ordered the issuance of a warrant on the same date. Before that warrant was executed, however, Vallejo was arrested the second time, on November 17, 2011. Vallejo remained in state custody from the time of that arrest until his release from state custody on November 17, 2013., when he was remanded into federal custody on the federal warrant.

On December 4, 2013, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of petition.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights.

11. The Defendant violated conditions of his supervised release by (1) committing four new criminal offenses (evading arrest with a vehicle, evading arrest with a vehicle-enhanced,

possession of a controlled substance-enhanced, and attempted aggravated assault of a public servant).

### III.  RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade A, and the Defendant's criminal history category was a V, resulting in an (advisory) guideline range of 30-37 months of imprisonment.  Because the statutory maximum punishment permitted is 24 months of imprisonment, the guideline range becomes 24 months.  Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 24 months of imprisonment, with no supervised release to follow.

### IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of December, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE